UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WASTE AWAY CONSULTING, LLC, ET AL.**          **CIVIL ACTION**

**VERSUS**                                      **NO. 16-389-JWD-RLB**

**ENVIRONMENTAL WASTE SOLUTIONS, ET AL.**

## ORDER

Before the court is Defendant Environmental Waste Solutions, L.L.C.'s ("EWS") and Defendant Darwyn Williams' Motion to Stay (R. Doc. 17) filed on September 16, 2016. Defendants seek a stay of all deadlines set forth in the Court's Order dated August 25, 2016 (R. Doc. 15) pending the resolution of its previously filed Motion to Dismiss (R. Doc. 11).

Plaintiffs initiated this action on June 15, 2016. (R. Doc. 1). The class action complaint is brought on behalf of certain Affiliates of Environmental Waste Solutions, LLC who were parties to Joint Venture Agreements with EWS. Plaintiffs assert that federal jurisdiction exists because the "amount in controversy exceeds $5,000,000.00; there are more than 100 claimants/class members involved; and at least one defendant and one plaintiff and/or putative class members are of diverse citizenship," thus providing jurisdiction pursuant to 28 U.S.C. § 1332(d). (R. Doc. 1 at 1-2).

On August 8, 2016, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (R. Doc. 11). That motion asserts that the "Plaintiffs cannot meet the jurisdictional requirements" under the Class Action Fairness Act. Specifically, Defendants argue that the affiliate program at issue, "at its high water mark, consisted of seventy-seven (77) affiliates with Joint Venture Agreements." (R. Doc. 11 at 5). Defendants provide additional specific information about the seventy-seven affiliates, including representations that certain affiliates never signed a consulting agreement or terminated such agreement, some affiliates still have an active

relationship with EWS, and others have previously compromised any claims with EWS. These specific, factual assertions, offered to contradict the allegations in the Complaint, are supported by a "Declaration of Darwyn Williams," one of the aforementioned defendants in this matter.

Following a scheduling conference on August 25, 2016, the court issued a limited scheduling order, providing certain deadlines pertaining to amending the pleadings, adding new parties, exchanging initial disclosures, and conducting discovery "limited to class certification issues." (R. Doc. 15).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Nevertheless, the court is not required to stay discovery while a dispositive motion based on the pleadings is pending. *See*, *e.g.*, *Von Drake v. Nat'l Broad. Co., Inc.*, No. 04-0652, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ("While discovery may be stayed pending the outcome of a motion to dismiss, the issuance of stay is by no means automatic."). Furthermore, "[c]ourts have cautioned that a stay of all discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual base for defending against a dispositive

motion." *Reich Album & Punkett, L.L.C.*, No. 06-10850, 2007 WL 1655677, at *3 (E.D. La. June 4, 2007) (quotation omitted).

Here, Defendant has not advanced sufficient "good cause" to warrant a stay of all discovery and all deadlines pending the resolution of its Motion to Dismiss. Defendant Williams' affidavit contains numerous assertions that, if true, may support a finding that jurisdiction is lacking. How the district judge will treat such a factual affidavit in support of a Rule 12 motion has not been decided. Defendants' Motion to Stay merely references the current deadlines in place. It does not identify any discovery conducted or sought by Plaintiff that would subject Defendants to undue burden or expenses. Discovery is limited to class certification issues. This same discovery may resolve the current jurisdictional dispute as well. Should Defendants be confronted with undue burden or expenses, or otherwise unreasonable discovery, they may object or seek appropriate relief at that time.[1] Extensions of any deadlines can likewise be sought upon a showing of good cause. While the Court has discretion to stay discovery and all deadlines under certain circumstances, it does not find such discretion appropriately exercised in the instant matter. Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Stay (R. Doc. 17) is **DENIED.**

Signed in Baton Rouge, Louisiana, on October 26, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[1] Defendants have, in fact, sought a Protective Order in this matter (R. Doc. 24) and have opposed a Motion to Compel (R. Doc. 25). Both discovery related motions are pending before the Court.