UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WASTE AWAY CONSULTING, LLC, ET AL.**  **CIVIL ACTION**

**VERSUS**  **NO. 16-389-JWD-RLB**

**ENVIRONMENTAL WASTE
SOLUTIONS, ET AL.**

## ORDER

This matter is before the Court on a Motion to Compel Compliance with Rule 26 (R. Doc. 19) filed on September 23, 2016 by Plaintiffs Waste Away Consulting, LLC; Efficient Waste Solutions, Inc.; and Envirosource Waste Solutions, LLC (collectively, "Plaintiffs"). The Motion pertains to the Initial Disclosures submitted to the Plaintiffs by Defendant Environmental Waste Solutions, LLC ("EWS") and Defendant Darwyn Williams (collectively, "Defendants").[1] The Motion is opposed by the Defendants. (R. Doc. 25).

Rule 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." There is no dispute that Rule 26 disclosures were provided by the Defendant. (R. Doc. 19-2). Those responses have also been supplemented. (R. Doc. 25-1). The Motion and Memorandum in Support (R. Doc. 19-1), however, challenge the sufficiency of the Defendants' disclosures with respect to those required by Rule 26(a)(1)(A)(i) as well Defendants' alleged failure to provide a copy or adequate description or location of certain documents pursuant to Rule 26(a)(1)(A)(ii). Because these are the only aspects of the Defendants' disclosures addressed by the Plaintiffs, the Court's analysis is likewise limited to this topic.

---

[1] Defendant Donna Fothergill has not made an appearance and there is no record of service on this defendant.

Rule 26(a)(1)(A)(i) provides that a party must, without awaiting a discovery request, provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses unless the use would be solely for impeachment."

Plaintiffs note that this is a putative class action involving an alleged failure by EWS to pay sums due under certain "Joint Venture Agreements" with its "Affiliates." Plaintiff argue that the "names and other information about affiliates and/or representatives who did or did not enter into joint venture agreements" are "notably absent" from Defendants' initial disclosures.

In response, Defendants correctly note that the disclosure requirements under Rule 26(a)(1)(A)(i) are those individuals that the "*disclosing party* may use to support its claims or defenses." (R. Doc. 25 at 1) (emphasis added). Any disclosures made are subject to that limitation. All parties are under an ongoing duty to supplement those disclosures. *See* Fed. R. Civ. P. 26(e). There are significant consequences for failing to make such disclosures. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1).

Based on a review of Defendants' disclosures and supplement, the Court does not find that they are deficient for failing to provide the specific information argued for by Plaintiffs. Simply put, if Defendants do not intend to use such individual affiliates or representatives as witnesses to support its claims or defenses, they are not within the scope of Rule 26(a)(1)(A)(i).

Rule 37 provides the appropriate sanction for failing to identify such an individual. If Plaintiffs seeks such specific information, they may request it through formal discovery.[2]

The Court notes, however, that the disclosures fail to provide the name or address for any individual identified or whether such information is known by Defendants. While it appears that certain individuals are current employees of EWS and may be contacted through counsel, it is not as clear with respect to others.[3] Accordingly, within seven days of the date of this Order, Defendants shall supplement their Initial Disclosures and provide the address and telephone number of each identified individual. If that information is unknown, Defendants shall specifically state so in the supplement.

Defendants are also alleged to have failed to provide copies or adequate descriptions or locations of certain documents pursuant to Rule 26(a)(1)(A)(ii). Following the filing of the instant Motion, Defendants supplemented their disclosures, specifically listing various Joint Venture Agreements as well as Buyout and Release Agreements.[4] Defendants further represent that they have provided to the Plaintiffs the 77 joint venture agreements executed, worksheets detailing the amounts potentially owed to the 24 affiliates at issue, and Buyout and Release Agreements between EWS and certain joint venture affiliates. A representative sampling of such documentation was provided to the Court. (R. Doc. 25-1 at 7-44). Based on the supplemented initial disclosures and representative sampling provided, and based on the record currently before the Court, these disclosures are sufficient. The parties are reminded that Rule 37(c)(1) provides

---

[2] The Court notes that there is Motion for Protective Order (R. Doc. 24) pertaining to the scope of discovery as it relates to the individual names and other identifying information of the affiliates who signed Joint Venture Agreements with the Defendants as well as identifying information of other clients who executed Solid Waste / Recycling Cost Reduction Service Agreements. As such, the discoverability of the information at issue in the instant motion is currently before the Court and will be addressed in a separate order pursuant to Rule 26(c).
[3] Ms. Shapiro, for example, is identified as a *former* Chief Operations Officer.
[4] Defendants represent that those agreements "have been redacted to preserve confidential and trade-secreted information." (R. Doc. 25-1 at 3). The scope of those redactions is also at issue in the pending Motion for Protective Order and will likewise be addressed in a separate order pursuant to Rule 26(c).

that any documents or information not appropriately disclosed may not be used by the party failing to make such disclosure.

According, for the reasons set forth above, the Motion to Compel Compliance with Rule 26 (R. Doc. 19) is **GRANTED IN PART** and **DENIED IN PART**.  Defendants shall supplement their disclosures pursuant to Rule 26(a)(1)(A)(i) within seven days of this Order providing the address and telephone numbers of any disclosed individual, as set forth above.  In all other respects, the motion is denied.  The parties shall each bear their own costs.

Signed in Baton Rouge, Louisiana, on November 14, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**